(99 South. 421)

No. 26267.

## STATE ex rel. WILSON et al. v. PIERRE et al.

(Feb. 18, 1924.)

*(Syllabus by Editorial Staff.)*

Bastards &#x6d27;15—Possession of child not a "foundling" could not be retained as against natural parents.

Where the mother of an illegitimate child left her at the home of defendants with their consent, and went away for several months, after which she returned and took up her abode with defendants, and afterwards married the child's father, the child was not a "foundling" within Civ. Code, art. 213, which is an infant found abandoned or exposed, a child without a parent or claimant, and defendants could not retain possession as against the father and mother; defendants not holding the child as an adopted one or as one surrendered to them by any contract known to the law.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Foundling.]

Appeal from Civil District Court, Parish of Orleans; Mark M. Boatner, Judge.

Proceeding by the State, on the relation of H. C. Wilson and another, against Andrew Pierre and another. Judgment for relators, and respondents appeal. Affirmed.

Frank S. Normann, of New Orleans, for appellants.

John R. Upton and William M. Ogden, both of New Orleans, for appellees.

By Division B, Composed of DAWKINS, LAND, and LECHE, JJ.

LECHE, J. Ruth Lee, a young woman residing at Natchitoches, La., became enceinte, and in order to conceal her shame from her family and her friends departed for New Orleans. On October 3, 1921, she was delivered of a female child in a colored maternity home in that city, under the care of Mrs. R. J. Walls, a midwife. She shortly thereafter accepted an offer from Sallie Pierre, wife of Andrew Pierre, defendants, and with her child removed to the home of Sallie Pierre, living in New Orleans, with the understanding that she would ply her avocation as a seamstress and do the family sewing. In February, 1922, Ruth Lee with the consent of and at the request of Sallie Pierre, left her child at the latter's home, and went on a visit to Natchitoches, where she remained until 'the month of August, 1922, when she again returned to New Orleans and took up her abode with Sallie Pierre. On July 9, 1923, Ruth Lee was married to Harrison C. Wilson, her corelator in the present proceeding. Relators never denied, but on the contrary always admitted and presently claim, that they are, respectively, the father and mother of said child, and they have instituted this proceeding to recover the possession and custody of the same.

The defendants claim that they took the child as a foundling, neither by force, by fraud, nor by accident; that they are entitled to retain it; and they rely mainly upon the provisions of article 213, C. C., in support of their defense. That article reads:

"The foundling, whom persons from charity have received and brought up, cannot be claimed by its father and mother, unless they prove that the child was taken from them by force, fraud or accident.

"No other relation can claim a foundling without having first obtained the tutorship of the foundling and given security in a sum sufficient for the reimbursement of the expenses which it has incurred."

There is no occasion in this case to consider the second paragraph of the article,

as it expressly applies only to relations other than the father and mother. The question, then, to be decided is whether the defendants did receive the child as a foundling.

Our Code does not define the word "foundling," and it must therefore be assumed that the lawmaker used that word in the sense in which it is conventionally used in the English language. The Century Dictionary, an accepted authority of high standing among English lexicographers, defines it as follows:

"An infant found abandoned or exposed; a child without a parent or claimant."

It is obvious from the foregoing statement of the case and the quoted definition that the subject of this litigation is not a foundling. The infant in this case was never lost or concealed by its mother, and therefore never found by defendants. They received it as the child of Ruth Lee. The charge of abandonment urged in argument is equally unsupported. The mother has always kept in touch with her child, and, while the defendants unquestionably were profuse in their charity and kindness towards it, the mother, to the knowledge of defendants, also extended to it such little material assistance as her limited means permitted, and never ceased to exhibit towards it that most natural instinct, motherly affection.

Sallie Pierre caused the child to be christened as her own offspring, and she also in the same manner registered the birth of the child in the records of the board of health in the city of New Orleans. These acts are not shown to have been done with the consent or even with the knowledge of the relators, and cannot, therefore, redound in any manner to the advantage of defendants. Suffice it to say that defendants do not hold the child as having been adopted by them or as having been surrendered to them by any contract known to our law.

An exception of no cause of action was filed by defendants in this court, on the

ground that relators have neither averred nor proved any acknowledgment or legitimation of the child. The present proceeding is the highest kind of an acknowledgment, and the question as to whether the child was legitimated by the marriage of its parents is of no concern to the defendants. We see no merit in the plea.

The position of Sallie Pierre, one of the defendants, is unfortunate. She has no doubt become strongly attached to the child for having taken care of it, nursed it, and lavished on it both kindness and attention; but, on the other hand, the mother is entitled to the custody of her own offspring, and, in the absence of any course of conduct or act on her part by which the law would deprive her of that custody, we cannot hesitate to accede to her demand.

The judgment of the trial court is in favor of relators, and for the foregoing reasons.

It is affirmed.